**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW LAWRENCE BARNETTE-KRUGER, <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:26-cv-00831 (UNA) <br> ) <br> ) <br> ) <br> ) |

**<u>MEMORANDUM OPINION</u>**

Plaintiff, a state prisoner, has filed a *pro se* "Petition for Habeas Corpus" ("Pet."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. For the explained below, the Court denies Plaintiff's IFP Application and dismisses this matter without prejudice.

Plaintiff's "Petition" bears several defects. First, the Petition is not captioned for this District—it is captioned for "the Federal District Court of the United States," Pet. at 1, in contravention of Federal Rule 10(a) and D.C. Local Civil Rule 5.1(g). Second, it is unsigned, in contravention of Federal Rule 11(a). *See generally id.* Third, although the pleading is labeled as a "Petition for Habeas Corpus," *id.* at 1, Plaintiff does not, in fact, seek a writ of habeas corpus or otherwise challenge the legality of his conviction, sentence, or detention.[1] Instead, he alleges that "the United States of America has been under attack via torroidal induction via gamma wave propulsion through the Artifice Stratagem," *id.* at 1, and that "the CIA wants Donald J. Trump, Jr.

---

[1] The Court is not bound by Plaintiff's characterization of his cause of action by his pleading's title, and is instead obligated to construe his claims by the allegations raised and the relief sought. *See McLean v. United States*, No. 90-0318-01, 2006 WL 543999, at *1 (D.D.C. Mar.3, 2006) (quoting *Castro v. United States*, 540 U.S. 375, 381–82 (2003)).

assassinated," *id*. at 2 (cleaned up).  He contends that the government has engaged in a treasonous criminal conspiracy "from within" in violation of the Constitution and the Racketeer Influenced and Corrupt Organizations (RICO) Act.  *See id.* at 1–3.  The relief sought is unclear, but it appears that he would like criminal charges to be brought against the CIA or others.  *See id*. at 3.

Relevant here, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A pleading that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and here, Plaintiff's Petition falls squarely into this category.  Indeed, this Court is obligated to dismiss Plaintiff's Petition because "the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), and "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981); *see* 28 U.S.C. § 1915(e)(2)(B)(i), and the Court cannot exercise subject matter jurisdiction over such claims, *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").

Furthermore, insofar as Plaintiff demands the institution of criminal charges, he may not do so.  The Court lacks jurisdiction to compel an investigation or criminal charges by any law enforcement agency.  *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987)

(per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). The Executive Branch has absolute discretion to make such decisions and they are not subject to judicial review. *United States v. Nixon,* 418 U.S. 683, 693 (1974); *see Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480–81 (D.C. Cir. 1995); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965); *see also Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion.").

Finally, Plaintiff's IFP Application is denied. Like his Petition, Plaintiff's IFP Application is unsigned and unsworn, *see* Fed. R. Civ. P. 11(a); 28 U.S.C. § 1915(a)(1), and it is also uncaptioned, see Fed. R. Civ. P. 10(a); D.C. LCvR 5.1(c)(1). It also provides absolutely no information about his current financial circumstances. *See* 28 U.S.C. § 1915(a)(1), (b)(1)–(2); *see also Paracha v. Bush*, 374 F. Supp. 2d 118, 120–21 (D.D.C. 2005) (explaining that, pursuant to the applicable requirements, "an *in forma pauperis* application [must] be accompanied by an affidavit containing, *inter alia*, a statement of all assets petitioner possesses, . . . an[d] [an] estimate of . . . monthly expenses," and denying the petitioner's IFP application as insufficiently detailed); *Scott v. City of Chicago*, No. 25-cv-01284, 2025 WL 1684118 (D.D.C. Jun. 12, 2025) (same). Furthermore, Plaintiff has not provided a copy a certified copy of his trust fund account statement (or institutional equivalent), including the supporting ledger sheets, for the six-month period immediately preceding the filing of this case, as required under the PLRA. *See* 28 U.S.C. § 1915(a)(2).

Accordingly, and for these reasons stated above, Plaintiff's IFP Application is denied, and this matter is dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.


DATE: May 26, 2026                          /s/ CHRISTOPHER R. COOPER
                                            United States District Judge